IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN THE MATTER OF: JURY DUTY )
PAY, UNITED STATES POST OFFICE, ) NO. 3:10-mc-00069
WAVERLY, TENNESSEE, ) JUDGE HAYNES

# O R D E R

Before the Court is the Circuit Court for Humphreys County Tennessee's motion to vacate the removal of this action and to remand its show cause order to the state court (Docket Entry No. 3) and the United States Postal Service's motion to quash and dismiss the state court's show cause Order (Docket Entry No. 8).

On April 12, 2010, the Circuit Court for Humphreys County, Tennessee issued a Show Cause Order to Tonya Sawyer of the United States Postal Service ("USPS") concerning the payment of Anthony Clark's wages, as a USPS employee, during his service as a juror in a proceeding in the Circuit Court. Sawyer is USPS's Postmaster in Waverly, Tennessee. The Circuit Court's Order provides as follows:

> It appearing to the Court that one ANTHONY CLARK, an employee with UNITED STATES POST OFFICE, was entitled to be paid and one TONYA SAWYER, [handwritten note inserted -- *Or Manager/Supervisor in charge*] an employee of UNITED STATES POST OFFICE failed to do so.
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the above-named subject, TONYA SAWYER [handwritten note inserted -- *Or Manager/Supervisor in charge], appear before this Court on the 30th day of April, 2010, at 9:00 A.M. to show cause why she should not be held in contempt for failing to comply with T.C.A. § 22-4-108."

(Docket Entry No. 1, Attachment thereto). The United States removed the Show Cause Order to this Court, citing 28 U.S.C. § 1442(a) (1).

In its motion to remand, the Circuit Court contends its order is not directed to the USPS and that there is not any federal "defendant" in the state court action. The Circuit Court's Order seeks

1

compliance with the then Tenn. Code Ann. § 22-4-108, and its statutory successor, Tenn. Code Ann. § 22-4-106, that directs payment of Clark's regular wages for the days of his service as a state court juror. The state court's order is directed to the postal service agent who is responsible for payment of Clark's wages and seeks an explanation of why that postal agent should not be held "in contempt" of court for failing to pay for Clark's wages during his jury service.

Under 28 U.S.C. §1442(a)(1), a state action can be removed when: (1) "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue." In *Arizona v. Manypenny,* 451 U.S. 232 (1981), the Supreme Court expressly stated that:

> Historically, removal under §1442(a)(1) and its predecessor statutes was meant to ensure a federal forum in any case where a federal official is entitled to raise a defense arising out of his official duties. The act of removal permits a trial upon the merits of the state-law question free from local interests or prejudice. It also enables the defendant to have the validity of his immunity defense adjudicated, in a federal forum. For these reasons, this Court has held that the right of removal is absolute for conduct performed under color of federal office, and *has insisted that the policy favoring removal "should not be frustrated by a narrow, grudging interpretation of §1442(a)(1)."*

Id. at 41-42 (emphasis added).

The United States Postal Service is an "independent establishment of the executive branch of the Government of the United States." 39 U.S.C. § 201. An action against a federal agent in his official capacity is an action against the federal government, *Kentucky v. Graham,* 473 U.S. 159, 165 (1985) ("Official-capacity suits, in contrast, because the "real party in interest is the entity"). This principle applies to USPS agents. *See also United States Postal Service, and William Bolger, Postmaster of the United States,* 810 F2d 438, 444 (4th Cir. 1987) ("A suit against a federal official for acts performed within his official capacity amounts to an action against the sovereign.")

2

"A sovereign can act only through agents and, when an agent's actions are restrained, the sovereign itself may, through him, be restrained. . . . In each such case the compulsion which the court is asked to impose, may be compulsion against the sovereign, although nominally directed against the individual officer." *Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682, 688 (1949). This principle extends to an action requiring a federal agency or official to "expend . . . the public treasury . . . or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or compel it to act." *Dugan v. Rank,* 372 U.S. 609, 620, (1963) (citations omitted).

In *United States v. Williams,* 170 F.3d 431, 433 (4th Cir. 1999) the Fourth Circuit upheld the removal and the quashing of a state court's show cause order for a subpoena issued to Federal Bureau Investigation agents who refused to obey a subpoena seeking FBI files on a state criminal defendant. The Seventh Circuit similarly ruled. *Edwards v. U.S. Department of Justice,* 43 F.3d 312, 314 (7th Cir. 1994)(district court properly removed a show cause order, quashed the underlying subpoenas, and dismissed the show cause order).

Moreover, the Postal Reorganization Act of 1970, 39 U.S.C. § 101 provides for federal jurisdiction on controversies involving the USPS.

> Except as otherwise provided in this title, the United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service. *Any action brought in a State court to which the Postal Service is a party may be removed to the appropriate United States district court under the provisions of chapter 89 of title 28.*

39 U.S.C. § 409(a) (emphases added).

Because the Humphrey's County Circuit Court's Order directly impacts the federal treasury and is directed to a federal agent, the Court concludes that with Section 1442(a)(1), Congress decided such actions should be removed to a federal court.

3

For these reasons, the Circuit Court's motion to remand (Docket Entry No 3) is **DENIED** and the motion to quash (Docket Entry No. 8) is **GRANTED**.

As a matter of comity, this Court will set a conference to inquire as to the payment of Clark's wages for his state juror service. The Conference is set for **Friday, November 5, 2010 at 2:00 p.m.**

It is so **ORDERED**.

**ENTERED** this the ___13th___ day of October, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge